Jeffrey G. Bradford, OSB No. 133080
jeff.bradford@tonkon.com
TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204
Telephone: (503) 221-1440

A. Paul Heeringa (admitted *pro hac vice*)
pheeringa@manatt.com
Cody A. DeCamp (admitted *pro hac vice*)
cdecamp@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DEBRA JOAN COATES GRIFFIN and ROBERT HESSEE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN-AMICABLE LIFE INS. CO. OF TEXAS,<br><br>Defendant. | Case No. 6:24-cv-00243-MC<br><br>**DEFENDANT AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** |

Defendant American-Amicable Life Insurance Company of Texas ("Defendant" or "American-Amicable"), in accordance with Fed. R. Civ. P. 12, hereby respectfully submits this Answer and Affirmative Defenses to the First FAC (*see* ECF No. 11, "FAC")[1] filed by Plaintiffs

[1] Defendant submits this Answer and Affirmative Defenses so as to comply with its obligation to file a responsive pleading under Fed. R. Civ. P. 12(a)(4)(A), and is without prejudice to Defendant's right, pursuant to applicable rules and law, to file a motion seeking to certify the Court's order of September 27, 2024 (*see* ECF No. 20) denying Defendant's Motion to Dismiss and/or Strike the FAC (*see* ECF No. 14) for an interlocutory appeal to the Ninth Circuit and to stay these proceedings during appellate proceedings, which is being filed contemporaneously herewith. Nothing below should be understood as waiving any rights or objections with respect thereto.

Debra Joan Coates Griffin ("Griffin") and Robert Hessee ("Hessee") (collectively, the "Plaintiffs") in the above-captioned matter. Accordingly, Defendant respectfully answers and responds to the allegations set forth in the FAC, and states certain defenses thereto, as follows:

**INTRODUCTION**

1. As to the allegations in Paragraph 1 of the FAC, Defendant admits only that Plaintiffs purport to seek relief under the Telephone Consumer Protection Act ("TCPA") and to certify a class, but denies that Plaintiffs are entitled to such relief, that this case is capable of or appropriate for class treatment, or that Defendant violated the TCPA or any other laws. Defendant denies any remaining allegations in Paragraph 1 of the FAC.

**NATURE OF THE ACTION**

2. As to the allegations in Paragraph 2 of the FAC, Defendant admits only that Plaintiffs purport to seek relief under the TCPA and to certify a class, but denies that Plaintiffs are entitled to any relief or that the case is suitable or appropriate for class treatment. Defendant denies any remaining allegations in Paragraph 2 of the FAC.

3. As to the allegations in Paragraph 3 of the FAC, Defendant admits only that it is engaged in the business of selling life insurance, but denies any implication of liability by Defendant in this matter that may be inferred based thereon or that it attempted to sell any such insurance to the Plaintiffs. Defendant denies the remaining allegations in Paragraph 3 of the FAC.

4. As to the allegations in Paragraph 4 of the FAC, Defendant admits only that Plaintiffs purport to seek injunctive relief, statutory damages, and other equitable remedies, but denies that Plaintiffs are entitled to such relief, or that the case is suitable or appropriate for class treatment. Defendant denies any remaining allegations in Paragraph 4 of the FAC.

## JURISDICTION AND VENUE

5. The allegations in Paragraph 5 of the FAC, in whole or in part, do not reflect allegations of fact against Defendant and reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant admits only that the FAC purports to invoke this Court's federal subject matter jurisdiction to the extent the TCPA is a federal statute as well as under the Class Action Fairness Act, but denies that this Court has federal subject matter jurisdiction in this Action because Plaintiffs lack Article III standing, that Defendant violated the TCPA or any other law, that Plaintiffs or any putative class member is entitled to any damages or other relief, or that the case is suitable or appropriate for class treatment. Defendant denies any remaining allegations in Paragraph 5 of the FAC.

6. The allegations in Paragraph 6 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant admits only that the FAC purports to invoke this Court's federal subject matter jurisdiction to the extent the TCPA is a federal statute, but denies that this Court has federal subject matter jurisdiction in this Action because Plaintiffs lack Article III standing or that Defendant violated the TCPA or any other law. Defendant denies any and all remaining allegations in Paragraph 6 of the FAC.

7. The allegations in Paragraph 7 of the FAC reflect citations to and recitations of legal authority and legal conclusions to which no response is required. To the extent any further response is required, Defendant denies all the allegations in Paragraph 7 of the FAC.

## PARTIES

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 8 of the FAC and on this basis denies them.

9. Defendant admits the allegations of Paragraph 9 of the FAC only to the extent that it conducts business throughout the United States, but denies it "directed" or "marketed" any business at/to Plaintiffs and further denies any implication of liability by Defendant in this matter that may be inferred based thereon. Defendant denies any remaining allegations in Paragraph 9 of the FAC.

## THE TCPA

10. The allegations in Paragraph 10 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced statute, regulations, and legal standards, and further denies the allegations to the extent they differ from the contents thereof. Defendant denies any remaining allegations in Paragraph 10 of the FAC.

11. The allegations in Paragraph 11 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced statute, regulations, and legal standards, and further denies the allegations to the extent they differ from the contents thereof. Defendant denies any remaining allegations in Paragraph 11of the FAC.

12. The allegations in Paragraph 12 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced statute, regulations, and legal standards, and further denies the allegations to the extent they differ from the

contents thereof. Defendant denies any remaining allegations in Paragraph 12 of the FAC.

13. The allegations in Paragraph 13 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced statute, regulations, and legal standards, and further denies the allegations to the extent they differ from the contents thereof. Defendant denies any remaining allegations in Paragraph 13 of the FAC.

14. The allegations in Paragraph 14 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced statute, regulations, and legal standards, and further denies the allegations to the extent they differ from the contents thereof. Defendant denies any remaining allegations in Paragraph 14 of the FAC.

15. The allegations in Paragraph 15 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced statute, regulations, case law, and legal standards, and further denies the allegations to the extent they differ from the contents thereof. Defendant denies any remaining allegations in Paragraph 15 of the FAC.

16. The allegations in Paragraph 16 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced statute,

regulations, case law, and legal standards, and further denies the allegations to the extent they differ from the contents thereof. Defendant denies any remaining allegations in Paragraph 16 of the FAC.

17. The allegations in Paragraph 17 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced statute, regulations, case law and legal standards, and further denies the allegations to the extent they differ from the contents thereof. Defendant denies any remaining allegations in Paragraph 17 of the FAC.

18. The allegations in Paragraph 18 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced statute, regulations, case law, and legal standards, and further denies the allegations to the extent they differ from the contents thereof. Defendant denies any remaining allegations in Paragraph 18 of the FAC.

19. The allegations in Paragraph 19 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced statute, regulations, case law, and legal standards, and further denies the allegations to the extent they differ from the contents thereof. Defendant denies any remaining allegations in Paragraph 19 of the FAC.

20. The allegations in Paragraph 20 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies

that it violated the referenced authority and respectfully refers the Court to the referenced statute, regulations, case law, and legal standards, and further denies the allegations to the extent they differ from the contents thereof. Defendant denies any remaining allegations in Paragraph 20 of the FAC.

21. The allegations in Paragraph 21 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced statute, regulations, case law, and legal standards, and further denies the allegations to the extent they differ from the contents thereof. Defendant denies any remaining allegations in Paragraph 21 of the FAC.

22. The allegations in Paragraph 22 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced statute and legal standards, and further denies the allegations to the extent they differ from the contents thereof. Defendant denies any remaining allegations in Paragraph 22 of the FAC.

23. The allegations in Paragraph 23 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. The allegations in Paragraph 23 also relate to a claim which has since been dismissed by the Court. To the extent a response is deemed required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced statute, regulations, and legal standards, and further denies the allegations to the extent they differ from the contents thereof. Defendant denies any remaining allegations in Paragraph 23 of the FAC.

24. The allegations in Paragraph 24 of the FAC, in whole or in part, reflect legal

conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. The allegations in Paragraph 24 also relate to a claim which has since been dismissed by the Court. To the extent a response is deemed required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced statute, regulations and legal standards, and further denies the allegations to the extent they differ from the contents thereof. Defendant denies any remaining allegations in Paragraph 24 of the FAC.

25. The allegations in Paragraph 25 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. The allegations in Paragraph 25 also relate to a claim which has since been dismissed by the Court. To the extent a response is deemed required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced statute, regulation, and legal standards, and further denies the allegations to the extent they differ from the contents thereof. Defendant denies any remaining allegations in Paragraph 25 of the FAC.

26. The allegations in Paragraph 26 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves and, therefore, no response is required. The allegations in Paragraph 26 also relate to a claim which has since been dismissed by the Court. To the extent a response is deemed required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced statute, regulation, case law, and legal standards, and further denies the allegations to the extent they differ from the contents thereof. Defendant denies any remaining allegations in Paragraph 26 of the FAC.

## FACTS

**Plaintiff Robert Hessee**

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 27 of the FAC and on that basis denies them, and demands strict proof thereof, and further denies any implication of liability by Defendant in this matter that may be inferred based thereon.

28. Defendant denies the allegations in the first sentence of Paragraph 28 of the FAC. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the FAC and on that basis denies them, and demands strict proof thereof, and further denies any implication of liability by Defendant in this matter that may be inferred based thereon.

29. Defendant denies all the allegations in Paragraph 29 of the FAC.

30. Defendant denies all the allegations in Paragraph 30 of the FAC.

31. Defendant denies all the allegations in Paragraph 31 of the FAC.

32. The allegations in Paragraph 32 of the FAC, in whole or in part, refer to the contents of a website, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the FAC and on that basis denies them, and demands strict proof thereof, and further denies any implication of liability by Defendant in this matter that may be inferred based thereon.

33. Defendant denies all the allegations in Paragraph 33 of the FAC.

34. Defendant denies all the allegations in Paragraph 34 of the FAC.

**Plaintiff Debra Joann Coates Griffin**

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the FAC and on that basis denies them, and further denies any implication of liability by Defendant in this matter that may be inferred based thereon.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the FAC and on that basis denies them, and demands strict proof thereof, and further denies any implication of liability by Defendant in this matter that may be inferred based thereon.

37. Defendant denies all the allegations in Paragraph 37 of the FAC.

38. Defendant denies all the allegations in Paragraph 38 of the FAC.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the FAC and on that basis denies them, and demands strict proof thereof, and further denies any implication of liability by Defendant in this matter that may be inferred based thereon.

40. Defendant denies all the allegations in Paragraph 40 of the FAC.

41. Defendant denies all the allegations in Paragraph 41 of the FAC.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the FAC regarding Griffin's subjective belief and on that basis denies them, and further denies any implication of liability by Defendant in this matter that may be inferred based thereon. Defendant denies the remaining allegations in Paragraph 42 of the FAC.

43. Defendant denies all the allegations in Paragraph 43 of the FAC.

44. Defendant denies all the allegations in Paragraph 44 of the FAC.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the FAC and on that basis denies them, and demands strict proof thereof, and further denies any implication of liability by Defendant in this matter that may be inferred based thereon.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 46 of the FAC and on that basis denies them, and demands strict proof thereof, and further denies any implication of liability by Defendant in this matter that may be inferred based thereon.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the FAC and on that basis denies them, and demands strict proof thereof, and further denies any implication of liability by Defendant in this matter that may be inferred based thereon.

48. Defendant denies all the allegations in Paragraph 48 of the FAC.

49. Defendant denies all the allegations in Paragraph 49 of the FAC.

50. Defendant denies all the allegations in Paragraph 50 of the FAC.

51. The allegations in Paragraph 51 of the FAC, in whole or in part, reflect legal conclusions and citations to or recitations of legal authority which speak for themselves, as well as relates to a claim which has since been dismissed by the Court, and, therefore, no response is required. To the extent a response is deemed required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced statute and legal standards, and further denies the allegations to the extent they differ from the contents thereof. Defendant denies any remaining allegations in Paragraph 51 of the FAC.

52. Defendant denies all the allegations in Paragraph 52 of the FAC.

## CLASS ALLEGATIONS

### PROPOSED CLASS

53. As to the allegations in Paragraph 53 of the FAC, Defendant admits only that Plaintiffs purport to seek class treatment under Fed. R. Civ. P. 23, but denies that this case is capable of or appropriate for class treatment. Defendant also denies that the putative class definitions are

adequate, ascertainable, or certifiable, or that any nationwide class is certifiable. Defendant denies any remaining allegations in Paragraph 53 of the FAC.

54. As to the allegations in Paragraph 54 of the FAC, Defendant admits only that Plaintiffs purport to seek class treatment under Fed. R. Civ. P. 23, but denies that this case is capable of or appropriate for class treatment. The allegations in Paragraph 54, in part, also relate to a claim that has been since dismissed by the Court (specifically, the proposed "Federal TCPA Caller ID Class" definition, which should be stricken). Defendant also denies that the putative class definitions are adequate, ascertainable, or certifiable, or that any nationwide class is certifiable. Defendant denies any remaining allegations in Paragraph 54 of the FAC.

**NUMEROSITY**

55. Defendant denies all the allegations in Paragraph 55 of the FAC.

56. Defendant denies all the allegations of Paragraph 56 of the FAC.

**COMMON QUESTIONS OF LAW AND FACT**

57. As to the allegations in Paragraph 57 of the FAC, Defendant admits only that Plaintiffs purport to seek class treatment under Fed. R. Civ. P. 23, but denies that this case is capable of or appropriate for class treatment. Defendant denies any remaining allegations in Paragraph 57 of the FAC, including all subparts.

58. As to the allegations in Paragraph 58 of the FAC, Defendant admits only that Plaintiffs purport to seek class treatment under Fed. R. Civ. P. 23, but denies that this case is capable of or appropriate for class treatment, or that common questions or law or fact predominate over individualized inquiries. Defendant denies any remaining allegations in Paragraph 58 of the FAC.

**TYPICALITY**

59. As to the allegations in Paragraph 59 of the FAC, Defendant admits only that

Plaintiffs purport to seek class treatment, but denies that the case is appropriate for class treatment, or that Plaintiffs' claims are "typical" of the putative class member's claims. Defendant denies any remaining allegations of Paragraph 59 of the FAC.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

60. As to the allegations in Paragraph 60 of the FAC, Defendant admits only that Plaintiffs have "retained competent counsel" and denies all remaining allegations.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

61. As to the allegations in Paragraph 61 of the FAC, Defendant admits only that Plaintiffs purport to seek class treatment under Fed. R. Civ. P. 23, but denies that this case is capable of or appropriate for class treatment. Defendant denies any remaining allegations in Paragraph 61 of the FAC.

62. As to the allegations in Paragraph 62 of the FAC, Defendant admits only that Plaintiffs purport to seek class treatment under Fed. R. Civ. P. 23, but denies that this case is capable of or appropriate for class treatment. Defendant denies any remaining allegations in Paragraph 62 of the FAC.

**COUNT I**

**VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(c)(5)**

**(On Behalf of Plaintiffs and the Class)**

63. Defendant realleges and incorporates its answers, denials, and averments to Paragraphs 1–62 of the FAC set forth above as if fully stated herein.

64. The allegations in Paragraph 64, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it violated the referenced authority and respectfully refers the Court to the referenced agency rules and regulations and denies the allegations to the extent they differ from the contents thereof. Defendant denies all

remaining allegations in Paragraph 64 of the FAC, including all subparts.

65. Defendant denies all the allegations in Paragraph 65 of the FAC.

66. Defendant denies all the allegations in Paragraph 66 of the FAC.

67. The allegations in Paragraph 67 refer to a claim that has since been dismissed by the Court and therefore no response is required. To the extent a response is deemed required, Defendant denies all the allegations in Paragraph 67 of the FAC

68. Defendant denies all the allegations in Paragraph 68 of the FAC.

69. Defendant denies all the allegations in Paragraph 69 of the FAC.

70. Defendant denies all the allegations in Paragraph 70 of the FAC, including the prayers for relief improperly inserted in the middle thereof, and including all subparts.

71. Defendant admits only that Plaintiffs have made a jury demand, but denies any implication of liability based thereon. Defendant denies any remaining allegations in Paragraph 71.

## ANSWER TO PLAINTIFFS' PRAYERS FOR RELIEF

WHEREFORE, Defendant denies each and every allegation set forth in the prayers for relief appearing in the middle of Paragraph 70 of the FAC (including all subparts), and denies that Plaintiffs are entitled to any of the damages or other relief requested in the FAC, either expressly or by implication, including but not limited to the specific relief requested in the FAC, or to any relief whatsoever, and demands the strictest of proof of all alleged damages, injuries, and harms. Defendant further denies that it violated the TCPA or any other law in relation to this action or otherwise, and thus denies Plaintiffs or any putative class member is entitled to any relief under such laws. Defendant further denies that Plaintiffs or any putative class member is entitled to treble damages or "other and further relief" Plaintiffs request in the FAC. Defendant further denies that Plaintiffs are entitled to class treatment or that this case is appropriate for class treatment.

## DEFENDANT'S GENERAL DENIALS

All allegations in the FAC, including those presented in any and all attached exhibits or in any and all subparts or subparagraphs, that are not specifically admitted above are hereby expressly and fully denied, and Defendant denies any and all allegations implied or that may be inferred from any captions or headings in or footnotes to the FAC or that purport to relate to conduct by other parties. For the avoidance of doubt, as to the responses above, Defendant denies any liability as to having violated the TCPA, or any applicable state or federal law, or that Plaintiffs are entitled to any damages or other relief under the TCPA or otherwise, including but not limited to the specific statutory provisions identified in the FAC or others. Nothing above or below should be deemed as an admission of liability by Defendant in this matter or otherwise, which is expressly denied. All rights, defenses, privileges and objections with respect to the FAC are reserved and not waived.

## DEFENDANT'S JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant joins Plaintiffs' jury trial demand, and Defendant demands a trial by jury of all issues triable of right by jury.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES TO THE FAC

By alleging the affirmative and other defenses herein and below, Defendant intends no alteration of any burden of proof that otherwise exists with regard to the claims in the FAC. All defenses are pled in the alternative and do not constitute an admission either of liability, of subject matter jurisdiction, or as to whether Plaintiffs are entitled to relief. Defendant reserves the right to bring affirmative claims against Plaintiffs as permitted by applicable rules and law.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Defendant states that, notwithstanding the Court's ruling on Defendant's Motion to Dismiss

or Strike the FAC, and for the reasons stated therein and others, and respectfully, Plaintiffs' FAC fails to, among other things, (1) set forth facts sufficient under federal pleadings standards to state or constitute a claim against Defendant under the TCPA, or (2) state facts sufficient to entitle Plaintiffs to the relief sought, or any relief whatsoever, from Defendant. Further, Defendant contends Plaintiff will be unable to establish such facts as necessary to satisfy Plaintiffs' standing or burden of proof as to the claims asserted. Specifically, Defendant played no role in the alleged communications at issue, and is not legally responsible for them. This pleading is therefore made without prejudice to Defendant's right to seek an interlocutory review of the Court's order on these issues.

**SECOND AFFIRMATIVE DEFENSE**

**(Not Willful and/or Knowing)**

Plaintiffs have not carried and cannot carry their burden of showing that any action or omission by Defendant was "willful" or "knowing" and, therefore are not entitled to treble damages.

**THIRD AFFIRMATIVE DEFENSE**

**(Consent Provided or Not Required)**

Plaintiffs' claims are barred in whole or in part because, to the extent he received any calls directly from Defendant, or from third parties on Defendant's behalf in this action, which Defendant denies, Plaintiffs consented to receiving said calls and/or consent was not required because, *inter alia*, the calls were not advertising, marketing, or solicitations under the TCPA nor unwanted (and, in fact, were solicited by Plaintiffs), and/or the called phone number was not properly registered or allowed to be registered on the National Do Not Call Registry, it is not a "residential" line, or Plaintiffs do not qualify as a "residential telephone subscriber" within the meaning of the TCPA.

## FOURTH AFFIRMATIVE DEFENSE

**(Error)**

Plaintiffs' claims are barred because, to the extent they received any calls directly from Defendant or on behalf of Defendant, which Defendant denies, such calls were the result of error.

## FIFTH AFFIRMATIVE DEFENSE

**(Good Faith)**

At all times relevant to the matters alleged in the FAC, Defendant acted in good faith, reasonably and without any actual or constructive knowledge of any alleged breach of any legal duty owed to Plaintiffs, or any other alleged wrong done to Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

**(Third Party Acts / No Vicarious Liability)**

Plaintiffs' claims are barred because the alleged conduct was caused or contributed to by the acts or omissions of Plaintiffs and/or third parties other than Defendant, over which Defendant had no control, and for which Defendant is not liable, either directly or vicariously.

## SEVENTH AFFIRMATIVE DEFENSE

**(Failure to Join)**

Plaintiffs' claims fail due to his failure to join necessary or indispensable parties in this action, including but not limited to the person(s) or entity (or entities) who made the alleged calls in purported violation of the TCPA and/or acted on such person's or entity's behalf in doing so.

## EIGHTH AFFIRMATIVE DEFENSE

**(Fifth Amendment Due Process)**

To the extent the TCPA is applied against Defendant to impose upon Defendant liability in circumstances that Defendant could not have reasonably avoided and/or damages that would be

grossly disproportional to any actual harm caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

**NINTH AFFIRMATIVE DEFENSE**

**(Due Process – Punitive Damages)**

To the extent that the FAC seeks punitive or exemplary damages under the TCPA, it violates the rights of Defendant under the Due Process provisions of the United States Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without due process of law." *See, e.g.*, *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 453, 454 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996). The TCPA affords discretion to award up to $1,500.00 "per violation."

**TENTH AFFIRMATIVE DEFENSE**

**(Eighth Amendment Excessive Fines)**

To the extent the TCPA is applied against Defendant to impose liability that would be grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Eighth Amendment to the U.S. Constitution, which prohibits excessive fines. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)).

**ELEVENTH AFFIRMATIVE DEFENSE**

**(*De Minimis* Harm)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of *de minimis* harm because the actual harm allegedly suffered by Plaintiff (if any, which is not conceded) is negligible.

## TWELFTH AFFIRMATIVE DEFENSE

## (Equitable Defenses)

Plaintiffs' claims are barred, in whole or in part, based upon the doctrines of unclean hands, estoppel, waiver, and/or other doctrines or theories of equity, including but not limited to assumption of risk. This is because, upon information and belief and among other reasons, Plaintiffs' alleged claims any basis in law or fact and/or does not exist, Plaintiffs do not qualify as a "residential telephone subscriber" under the TCPA in this case, Plaintiffs suffered no injury, and/or Plaintiffs requested, sought out, consented to, induced or otherwise encouraged phone calls for the sole or intended purpose of bringing TCPA claims or without having suffered any injury. The failure to list a specific equitable defense herein should not be construed as a waiver of any equitable defenses. Rather, Defendant invokes, without limitation, all equitable defenses available to it under applicable law (not limited to under the TCPA) and interpretive authority.

## THIRTEENTH AFFIRMATIVE DEFENSE

## (Assertion of All Available Defenses Under the TCPA)

Defendant asserts, without limitation, all defenses available to it under the TCPA and its related implementing regulations, including but not limited to that Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent "telephone solicitations" in violation of the TCPA's regulations, and such practices and procedures were in place and followed at all relevant times. Plaintiffs' claims are also barred to the extent they did not receive a "telephone solicitation" or are not a "residential telephone subscriber" within the meaning of the TCPA and its related implementing regulations. For the avoidance of doubt, Defendant invokes all affirmative defenses, defenses, protections, and limitations of the TCPA.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Injunctive Relief)**

Plaintiffs have failed to state facts that would entitle them to obtain injunctive relief because, among other reasons, there is no threat of immediate and/or continuing harm to Plaintiffs, and therefore Plaintiffs lack standing under Article III of the U.S. Constitution to pursue this relief and/or such relief is not available as a matter of law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiffs lack standing to bring their claims under Article III of the United States Constitution or otherwise (including "prudential" or "statutory" standing), particularly to the extent that Plaintiffs consented to receiving the calls at issue in this action, requested to be called, induced the calls for the express purpose of bringing this lawsuit, is not a "residential" telephone subscriber, did not suffer any injury-in-fact, cannot trace any alleged injury to Defendant, and/or are not within the "zone of interests" that the TCPA and other laws invoked were designed to protect (especially as a professional TCPA litigants), among other reasons. For the avoidance of doubt, Defendant invokes all affirmative defenses, defenses, protections, and limitations of the TCPA.

Further, Defendant asserts that unnamed class members may lack Article III standing, even if Plaintiffs are demonstrated to have standing, and therefore Defendant submits that such putative class members are barred from seeking relief under the TCPA and that class certification should not be permitted. *See, e.g., Huber v. Simon's Agency, Inc.*, 2023 WL 6629836 (3rd Cir. Oct. 12, 2023).

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Legitimate Business Purpose)**

All conduct and activities of Defendant, including any purported agents, alleged in the FAC

conformed to statutes, regulations and industry standards based upon the state of knowledge existing at the time(s) alleged in the FAC. As a consequence, some or all of Plaintiffs' claims are barred in full, or in part, based on Defendant's good faith belief that they had good cause and/or a legitimate business reason to act as they did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiffs' rights.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Intervening/Superseding Cause)**

The FAC is barred, in whole or in part, to the extent that Plaintiffs' purported damages, if any, resulted from acts and/or omissions of other parties, third parties, conditions, or by forces and/or things over whom/which Defendant had no control, including but not limited to any unidentified third parties who did not have Defendant's consent or authority to call Plaintiffs on its behalf or at all in the manner described in the FAC. The foregoing constitute intervening or superseding causes of any purported harm, and Defendant is therefore not liable for said alleged harm.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

If Plaintiffs suffered or sustained any damages or injury as a proximate result of the purported conduct of Defendant, which Defendant denies, such damages or injury were proximately caused by or contributed to by the acts and/or negligence of Plaintiffs and/or third parties, which bars or reduces Plaintiffs' right to recover any such damages against Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Ratification)**

The cause of action in the FAC is barred, in whole or in part, by the doctrines of acquiescence, ratification, and consent for the reasons stated above, and for others. This is because, among other

reasons, Plaintiffs consented to receiving the calls at issue, or expressly invited or solicited the calls for the intended purpose of bringing a TCPA claim, or their consent was not required.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Plaintiffs Cannot Meet the Requirements for Class Treatment)**

Plaintiffs do not meet and cannot meet the class certification requirements of Rule 23 of Federal Rules of Civil Procedure. Specifically, Plaintiffs cannot meet the requirements of numerosity, commonality, typicality, and/or adequate representation. Additionally, the putative class is not ascertainable by objective measures and common issues of law and fact do not predominate over individualized inquiries. Plaintiffs also cannot meet the requirements for class certification because they are not a member of the class or classes they seek to represent to the extent that there has been no TCPA violation by Defendant as to their individual claims and/or they consented to be called or solicited the calls. Moreover, some or all of the purported claims in the FAC are barred because Plaintiffs have not and cannot show that class action treatment is superior to other methods for the fair and efficient adjudication of this controversy.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Additional and Other Defenses)**

Certain additional affirmative and other defenses to the FAC and to the purported claims for relief stated therein may be available to Defendant. However, these additional defenses may require discovery before they can be properly alleged as certain information is in the hands of Plaintiffs and/or third parties. Thus, Defendant reserves the right to assert other separate and additional defenses, if and when they become appropriate in this action and to the extent allowed.

**<u>RESERVATIONS OF ALL OTHER RIGHTS AND PRIVILEGES</u>**

Defendant expressly reserves the right to amend its responses above and affirmative defenses

below for any reason as permitted by applicable rules, orders, and law. Defendant further reserves the right to move to compel Plaintiffs to arbitrate their claims, if or when it is ever determined there is an applicable arbitration agreement between the parties; thus, this pleading should not be viewed as a waiver of Defendant's arbitral rights (if any). Defendant reserves and does not waive the right to bring an affirmative action against Plaintiffs or any responsible third parties or to seek any sanctions available (including termination or monetary sanctions), if or when it determines it has a legal and factual basis to do so, in accordance with applicable rules and law. For the avoidance of doubt, Defendant reserves all rights and privileges afforded to it under applicable rules and law, and intends no waiver hereby, whether or not said rights and privilege are expressly identified herein.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, dismiss Plaintiffs' FAC with prejudice, award Defendant all of its costs and attorneys' fees incurred in defending this action to the extent available under applicable law, and grant Defendant all other relief as the Court deems just and appropriate.

Dated: October 11, 2024 Respectfully submitted,

**TONKON TORP LLP**

By: *s/ Jeffrey G. Bradford*
Jeffrey G. Bradford, OSB No. 133080

**MANATT, PHELPS & PHILLIPS, LLP**

A. Paul Heeringa (admitted *pro hac vice*)
Cody A. DeCamp (admitted *pro hac vice*)

*Attorneys for Defendant American-Amicable Life Insurance Company of Texas*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of said filing to counsel of record electronically.

TONKON TORP LLP

By: */s/ Jeffrey G. Bradford*

Jeffrey G. Bradford, OSB No. 133080

E-mail: jeff.bradford@tonkon.com